UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :

CLARENCE GANAWAY,         :     CASE NO. 1:12-CV-01486
                                              :
            Plaintiff,                :
                                              :
vs.                                   :     OPINION & ORDER
                                              :
STATE OF OHIO, *et al.*          :
                                              :
            Defendants.            :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Clarence Ganaway filed this action against the State of Ohio, and the Ohio Department of Rehabilitation and Correction ("ODRC"). In the Complaint, Plaintiff alleges that Ohio inmates are disciplined by corrections staff who are independent contractors. He seeks to have this situation corrected as well as "monetary damages based on the predicate on a [sic] "illicit"procedure of the affairs of a State business, a State governmental procedures." [Doc. 1 at 5.]

## I. Background

Plaintiff claims that the ODRC has been hiring independent contractors from non-government agencies to work in Ohio's prisons. He claims that while only ODRC employees are permitted to discipline inmates, the independent contractors are initiating conduct reports.

He contends this is causing hardship to the inmate prison population.

## II. Legal Standard

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).     A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir.2008). Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Neither of these criteria appear to be present in this case.

Diversity of citizenship, as a basis for federal court jurisdiction, exists only when the Plaintiff and Defendants are citizens of different States, and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs. 28 U.S.C. § 1332 (a); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999). Here, Plaintiff is an Ohio prisoner. He sues the State of Ohio and the ODRC. It appears from the Complaint that Plaintiff and Defendants are residents of the same State. Moreover, Plaintiff does not specify the relief he requests so there is no indication the amount in controversy requirement has been met. Federal court jurisdiction cannot be based on diversity of citizenship.

Furthermore, the Complaint does not contain a federal question. In "determin[ing] whether [a] claim arises under federal law," the Court looks only to the "well-pleaded

allegations of the Complaint" and ignores potential defenses that the Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir.2007). Although the well-pleaded-complaint rule focuses on what the Plaintiff alleges, it allows a court to look past the words of a Complaint to determine whether the allegations, no matter how the Plaintiff casts them, ultimately involve a federal question. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir.2008). In addition to causes of action expressly created by federal law, federal-question also reaches ostensible state-law claims that (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.1999). Even with that liberal construction, however, Plaintiff has failed to properly identify a federal question in this case. He does not identify a cause of action arising under federal law and none is apparent on the face of the Complaint. There is no indication that this Court has subject matter jurisdiction to consider the allegations in the Complaint.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not

IT IS SO ORDERED.

Dated: November 2, 2012                             *s/          James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

taken in good faith.